Curia, per

O’Neall, J.
In this case my opinion expressed on the circuit has undergone no change. The facts have been found by the jury, that in its origin, this road was laid out as a public road ; that it has been used as such ever since ; and that there has been no such change of it as would affect its allowance.
It only then remains to inquire whether, in law, it can be regarded as a public road ?
I think there is some confusion, in cases of this kind, by the manner in which highways are defined in the books. The distinction between public roads, (consisting of highways and private roads or paths,) and private ways, have not been observed, (a) Judge Brevard, (3 Brev. 85,) in the case of exparte Withers, has, I think, properly classed and distinguished public roads. He says “ public roads are best distinguished into two sorts, namely, highways and private roads or paths. A highway is a principal road leading to a market town, or some place of general resort, and is commonly travelled by all kinds of people. Private roads are neighborhood ways, not commonly used by other than the people of the neighborhood where they are, although they may be used by any one who may have occasion to do so.” A private way, on the other hand, is a way arising by grant for the use of one or more individuals. The road law of 1721, (P. L. iii. see. 19,)(b) provides that “ all and every the respective commissioners above mentioned, within their parishes or divisions, or the majority of them, shall, with all convenient speed after the ratification of this Act, at the equal charge and *31 labor of all and every the male inhabitants residing within the respective divisions aforesaid, from the age of sixteen to sixty years, make, mend, alter and keep in repair, all and every the high roads, not exceeding forty feet wide, prívale paths, bridges, causeways, creeks, passages and water courses, laid out and to be laid out in the aforesaid several pre-cints and parishes ” This Act, it will be observed, is in exact conformity to Judge Brevard’s classification of public roads. By public authority, two kinds *of roads then existed, and were afterwards to exist, in South Carolina, “high roads” and private paths.” What was meant by “ private paths,” has been, I think, further elucidated by Judge Brevard, in the case exparte Withers, (3 Brev. 86.) He says, “ by the words “ private paths,” “ it seems clear that the Legislature meant roads free and common to all who might choose to make use of them ; that is to say, public ways diverging from and running across the main or principal roads or highways, commonly called “great roads,” and not private paths exclusively appropriated for private purposes.” This definition embraces, I think, very clearly, the road in question. But this can be made more apparent by a further reference to our legislation on this subject. By the Act of 1785, sec. 55. (P. L. 385,)(a) the Judges of the county court were clothed with all the power and authority of the commissioners of the roads in relation to roads. The Act of 1788, (P. L. 443-4,)(b) provided for the appointment of commissioners of the roads ; and by the 6th section, provides that they shall be authorized and required to lay out, make and keep in repair all such “ high roads, private paths,” &c., as they shall judge necessary. The 17th section of the same Act, (P. L. 447,) provides that the Judges of the county court shall be vested with the same powers respecting the high roads and bridges with which the commissioners were by this Act clothed. Under this authority they laid out the road in dispute, and its origin there can be therefore no question that it was a public road, distinguished from a high road as a private path. Independent of the public character of the road, ascertained from its public origin, the terms made use of in the order “ a travelling road,” make it as open to public use as if the words had been in the succeeding order — .“a public road,” used by the Judges, ordering another road to be laid out. But neither the commissioners of roads nor the judges of the county court ever had the power to lay out a mere private way. This is conclusively shown by exparte Withers, (3 Brew. 83.) The power of laying out a mere private way, never having been conferred, as I have no doubt it never could have been constitutionally exercised or conferred, by the Legislature, it follows, that all roads laid out by public authority, must be regarded as public roads, in the obstruction of which a nuisance may be committed. It is, however, supposed, unless the public are liable to keep the *road in repair, that it cannot be regarded as a public road. Bnt this I do not admit. There are many roads which are essentially public, where there is perhaps no liability to keep them in repair. An instance of this kind will be found in the case of Rowland vs. Wolf, (1 Bail.) On the present occasion, I am, however, far from believing that the commissioners of high roads, for Chester are not liable to keep this road in *32 repair. For the order directing the roads to be laid out, directs “ that it shall be cleared and kept in repair by the persons who live contiguous thereto and have the benefit thereof.” This is in exact conformity to the powers conferred on the county court judges and the commissioners of roads by the Acts of ’85 and ’88. A road laid out and directed by the county court judges in ’98, to bo kept in repair, was in pursuance of the power delegated to them by the Legislature, and is in law the same as if the Legislature, by Act, had done the same thing. Looking at it as a road established by the Legislature, and by Act directed to be kept in repair, there could be no doubt of the liability of the commissioners to keep it in repair, no matter how long they might have neglected it. This last observation however, must be always taken with the qualification, that the road had not lost its public character by non user. On the present occasion, the jury have found that the road had not been so long disused as to destroy it.
See Infra, 329. State v. Pettus, 7 Rich. 393. State v. Sartor, 2 Strob. 60. Nash v. Peden, 1 Sp. 21. Heyward v. Chisholm, 11 Rich. 262. 6 Rich. 399. 5 Rich. 186. An.
Gregg and McAlilly, for the motion. Player, Solicitor, contra.
These views, it seems to me, end all controversy about the character of the road, which might otherwise arise from its terminus. The cases in which that would have effect are where the way is to be referred to prescription merely.
The motion is dismissed :
the whole court concurring.

а) Act of 1741. 9 Stat. 127. 2 N. & McC. 527. 4 McC. 68. 3 McC. 170. An.

 9 Stat. 54, § 19. An.

 7 Stat. 237. An.

 9 Stat. 309. An.